IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT HILL,                         )
       Plaintiff,                   )
                                 )
       v.                          )              Civil Action No. 3:23CV415 (RCY)
                                 )
MEHARRY MEDICAL COLLEGE,              )
       Defendant.                   )
_____)

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss (ECF No. 10) filed by Defendant Meharry Medical College ("MMC" or "Defendant") on September 5, 2023.  The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs.  E.D. Va. Loc. Civ. R. 7(J).  For the reasons set forth below, Defendant's Motion to Dismiss will be granted, and this civil action will be dismissed.

## I. FACTUAL ALLEGATIONS

Plaintiff Robert Hill is a 46-year-old male and the former Chair Physician Assistant Program Director ("Program Director") at MMC.  Am. Compl. 5, 7, ECF No. 6.[1]  This case stems from the circumstances surrounding Plaintiff's termination from MMC.

Plaintiff's first day of employment as Program Director with Defendant was August 31, 2020.  *Id*. at 5.  The duties of the Program Director position included developing the Physician Assistant Program ("PA Program") and attaining interim accreditation by the Accreditation Review Commission on Education for the Physician Assistant ("ARC-PA").  *Id*.  Plaintiff never received a performance evaluation during his employment.  *Id*.  On August 6, 2021, at age 45,

---

[1] Plaintiff submitted his Complaint on the Court's Pro Se Complaint for Employment Discrimination form, which allows claims to be described in narrative form rather than the standard numbered paragraphs.  Accordingly, the Court cites to the Complaint's page numbers, as assigned by the CM/ECF system.

Plaintiff was terminated from his position as Program Director.  *Id*.  Defendant hired Michelle Drumgold, a 39-year-old woman, as Plaintiff's replacement.  *Id*. at 7.  Plaintiff alleges that Ms. Drumgold had less experience and fewer qualifications than he.  *Id.* at 5, 7.  He further states that Ms. Drumgold verbally "taunted" Plaintiff, telling him she was promised his job.  *Id.* at 7.  In support of his claims, Plaintiff also alleges that Defendant has shown a pattern in the Physician Assistant Department ("PA Department") of replacing its leadership with younger employees.  *Id*. Plaintiff states that Defendant failed to adhere to its policies and procedures regarding termination of appointment for adequate cause for a faculty member.  *Id*.

Plaintiff further asserts that his termination was in retaliation for identifying, reporting, and notifying Defendant of fraudulent practices committed by Defendant.  *Id*. at 5.  In his Amended Complaint, Plaintiff reports his identification of a $15,750 equipment theft.  *Id*.  Defendant purchased this equipment prior to Plaintiff's employment.  *Id*.  Plaintiff reported this theft to his subordinates at the time, Ms. Drumgold and Will Wyatt.  *Id*.  After asking Ms. Drumgold to report the theft to campus security and to the Nashville Police Department, Plaintiff informed his leadership, campus security, and the legal department.  *Id*.  Plaintiff alleges that the report of this incident was "an attempt by the [D]efendant to link 'a cause' to the [P]laintiff as grounds 'for cause' and wrongful termination."  *Id*.  Plaintiff also describes a phone conversation with Defendant's legal department in which Defendant's legal team allegedly told Plaintiff it did not file for insurance loss for the stolen equipment because the deductible was higher than the value of the missing items.  *Id*.

Plaintiff further alleges that he identified Defendant performing fraudulent practices related to attaining ARC-PA accreditation in conversations between Plaintiff and Defendant's leadership

and employees.[2]  Mot. to Suppl. 3.  Plaintiff alleges that if Defendant had succeeded in attaining ARC-PA provisional accreditation, it would have committed fraud upon future students and various educational institutions because Defendant had not submitted a "substantive change" nor conferred a master's degree to physician assistant students.  *Id*.  Plaintiff alleges that after his reports, Defendant made no changes to its current practice, informed no affiliated school outside of its institution of the problem, and had no plan to rectify the problem.  *Id*.

After initially submitting his claim(s) to the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Right to Sue letter on March 27, 2023.  Am. Compl. 7.  Plaintiff alleges that Defendant has caused professional and financial suffering, mental anguish, and pain and suffering.  *Id*. at 8.  Plaintiff seeks $412,000 in damages.  *Id*.  Based on the foregoing allegations, Plaintiff seeks relief under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standard Act ("FLSA"), Occupational Safety and Health Act of 1970 ("OSHA") and Virginia Code §§ 40.1-33.2, 40.1-51.1, and 2.2-3011.  *Id*. at 3.

## II.  RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on June 27, 2023.  ECF No. 1.  On July 5, 2023, having not yet served the Complaint, Plaintiff filed a Motion to Amend the Complaint, ECF No. 4, which the Court granted on July 7, 2023.  *See* Order, ECF No. 5.  Defendant filed the instant Motion to Dismiss for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim, ECF No. 10, on September 5, 2023, accompanied by a Memorandum in

---

[2] Plaintiff's Statement of Claim in the Amended Complaint appears to be cut off.  Am. Compl. 5.  After reviewing all documents submitted by Plaintiff, the Court located the remainder of this statement in Plaintiff's Motion to Amend as Supplemental Pleadings of Complaint ("Mot. to Suppl.," ECF No. 18).  As the Motion to Supplement was unaccompanied by a memorandum in support, as required by the Court's Local Rules, *see* E.D. Va. Loc. Civ. R. 7, the Motion must be denied.  However, out of deference to Plaintiff's *pro se* status, the Court incorporates the facts stated in the Motion into its recitation of facts, to correct the apparent technical error that resulted in Plaintiff's original Statement of Claim being cut short.

Support, ECF No. 11.[3]  Plaintiff filed his Opposition to the Motion to Dismiss ("Pl's Opp'n") on

September 18, 2023, ECF No. 12, and Defendant filed its Reply, ECF No. 13, on September 25,

2023.  Plaintiff then filed an Amended Opposition to Defendant's Motion to Dismiss on September

27, 2023.  ECF No. 14.   On September 28, 2023, Plaintiff filed a Motion for Dismissal of

Defendant's Motion to Dismiss Pursuant to Rule 7(K) of the Local Civil Rules of the United States

District Court for the Eastern District of Virginia ("Plaintiff's Rule 7(K) Motion").  ECF No. 15.

Defendant filed its Response to Plaintiff's Rule 7(K) Motion on October 4, 2023.  ECF No. 16.

Plaintiff filed an Amended Motion to Dismiss Defendant's Motion to Dismiss ("Amended Rule

7(K) Motion"), ECF No. 17, and a Motion to Amend as Supplemental Pleadings of Complaint

("Motion to Supplement"), ECF No. 18, on October 10, 2023.[4]  On October 13, 2023, Defendant

filed a Motion to Disregard and accompanying Memorandum, ECF Nos. 19, 20, asking the Court

to disregard Plaintiff's Amended Opposition to the Motion to Dismiss.  Defendant also filed a

Response to Plaintiff's Amended Rule 7(K) Motion, ECF No. 21, as well as a Response to

---

[3] Plaintiff attempted to obtain waiver of service, but never filed a formal waiver or otherwise established that service was effected properly.  However, despite this fact and despite Defendant's argument that service was insufficient, the Court finds that service of process was effected in a manner that satisfies Federal Rule of Civil Procedure 4.  Specifically, as a foreign corporation, Defendant could be served "in the manner prescribed by Rule 4(e)(1)," i.e., by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."  *See generally* Fed. R. Civ. P. 4.  State law for the state where this Court is located—Virginia—contains a curing provision for defective service.  Specifically, Virginia Code § 8.01-288 allows that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter."  VA. CODE ANN. § 8.01-288.  This provision applies equally to service of process on corporations. *See Frey v. Jefferson Homebuilders, Inc*., 251 Va. 375, 379–80, 467 S.E.2d 788 (Va. 1996) (finding no language to indicate a legislative intent to exclude the service provisions of Virginia Code § 8.01-299 from the saving provision of Virginia Code § 8.01-288); *Pennington v. McDonnell Douglas Corp*., 576 F. Supp. 868, 872 (E.D. Va. 1983) (holding that Virginia Code § 8.01-288's terms specifically apply to corporations).  Here, although Plaintiff attempted to serve Defendant via FedEx mail, which is a manner of service not authorized under either federal or Virginia law, *see* Mem. Supp. Mot. Dismiss 12, ECF No. 11, Defendant clearly received notice of the lawsuit and thus the Court finds that process reached Defendant, and therefore service of process was sufficient.  *See Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, 2016 WL 1756487, at *3 (E.D. Va. May 3, 2016) ("Under Virginia Code § 8.01-288, once process comes to the defendant's attention, it is of no consequence that the means by which Plaintiff initially attempted to serve process were improper.").

[4] Plaintiff asserts that these motions were improperly labeled and should instead be changed to responses. *See* Mem. Supp. 2d Mot. Am. Compl. 3–4, ECF No. 25.  The Court will thus consider the arguments contained therein as Plaintiff's responses but keep the labeling as-is for clarity purposes.

Plaintiff's Motion to Supplement, ECF No. 22.  Rather than file a reply, on October 31, 2023, Plaintiff filed yet another Motion to Amend Complaint ("Second Motion to Amend") and memorandum in support thereof.  ECF Nos. 24, 25.  On November 14, 2023, Defendant filed a Response in Opposition to the Second Motion to Amend, ECF No. 26, and on November 17, 2023, Plaintiff filed a Reply, ECF No. 27.  Accordingly, Defendant's Motion to Dismiss and all of Plaintiff's follow-on filings are ripe for decision.

### III.  MOTION TO DISREGARD

Defendant moves the Court to disregard Plaintiff's purported Amended Opposition to Defendant's Motion to Dismiss.  *See* Mot. Disregard, ECF No. 19; Mem. Supp. Mot. Disregard, ECF No. 20.  Finding that Plaintiff had not moved for leave to amend or file a sur-reply and otherwise had no procedural right to file a rebuttal to Defendant's Reply, the Court will grant this motion.

### IV.  PLAINTIFF'S RULE 7(K) MOTIONS

On September 28, 2023, Plaintiff filed his Rule 7(K) Motion.  ECF No. 15; *see* E.D. Va. Loc. Civ. R. 7(K).  Plaintiff moved for "dismissal" of Defendant's Motion to Dismiss and subsequent Reply, based on Defendant's failure to comply with *pro se* requirements under Local Rule 7(K).  Local Rule 7(K) instructs a party filing a dispositive motion to include a warning that notifies the *pro se* party of the right to file an opposition to the motion within 21 days of the filing and any consequences if the *pro se* litigant fails to timely respond.  Loc. Civ. R. (7)(K).  Because Plaintiff timely filed his opposition to Defendant's Motion to Dismiss on September 18, 2023, the Court finds that Plaintiff knew his obligations, substantively responded to the motion, and did not suffer any prejudice.  *Thompson v. Clarke*, No. 2:14CV86, 2014 WL 12665086, at *2 (E.D. Va. Dec. 11, 2014), aff'd in relevant part, vacated in part, remanded, 633 Fed. App'x 207 (4th Cir.

2016).  Therefore, although Defendant did make an error in failing to comply with Local Rule 7(K), this error was harmless.

Plaintiff's Amended Rule 7(K) Motion will be disregarded because Plaintiff filed the motion after Defendant already filed its response to the first Rule 7(K) Motion and without first obtaining leave of the Court, as required by Local Civil Rule 7(F)(1).  *See* E.D. Va. Loc. Civ. R. 7.  Moreover, both this and the first Rule 7(K) Motion lack memoranda in support, rendering them procedurally deficient pursuant to the local rules.  *See id*.  For all the foregoing reasons, Plaintiff's Rule 7(K) Motion and Amended Rule 7(K) Motion will be denied.

## V.  MOTION TO DISMISS STANDARD OF REVIEW

Defendant seeks dismissal of this action pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.  The Court finds that Rule 12(b)(6) provides sufficient grounds for dismissal of the entire Amended Complaint, and therefore does not engage further with Defendant's alternative grounds for dismissal under Rule 12.[5]  A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson*, 682 F. Supp. 2d at 567 (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff.  *Id*.  However, pleadings that offer simply "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim for relief.  *Twombly*, 550 U.S. at 555.

---

[5] And, the Court has already addressed the insufficient service argument (Rule 12(b)(5)), *supra* n.3.

While it is true that pleadings by *pro se* plaintiffs must be held to a less stringent standard than those drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the pleadings must nevertheless set forth enough facts to state a claim.

## VI.  ANALYSIS

The Court construes the Amended Complaint to set out seven counts: Count I ("Age Discrimination") alleges discriminatory discharge under the ADEA; Count II ("Sex Discrimination") alleges discriminatory discharge under Title VII; Count III ("FLSA Retaliation") alleges wrongful retaliation under the FLSA; Count IV ("OSHA Retaliation") alleges wrongful retaliation under OSHA, specifically in violation of the statute's "Whistleblower Protections"; and Counts V-VII allege violations of Virginia Code §§ 40.1-33.2, 40.1-51.1, and 2.2-3011, respectively.  Am. Compl. 3–5.  As set forth in greater detail below, the Court finds that Plaintiff's ADEA and Title VII claims (Counts I and II) are time-barred, and further that Plaintiff has failed to allege sufficient facts to support any of his claims, because the Amended Complaint contains no facts to support a finding that Plaintiff was subjected to any particular action based on his age or gender, or that Defendant retaliated against Plaintiff in response to his reports related to allegedly fraudulent practices undertaken by Defendant.

**A.  Plaintiff's ADEA and Title VII Claims are Time-Barred and Unsupported by Sufficient Facts to State a Claim**

Defendant argues that Plaintiff's ADEA and Title VII claims are time-barred and should be dismissed.  The Court agrees.

Plaintiff received his Right to Sue letter from the EEOC on March 27, 2023, notifying him that he had to file a lawsuit within 90 days upon receipt.  *See* Compl., ECF No. 1-2; Am. Compl. 7; *see also* 42 U.S.C.A. § 2000e-5(f)(1).  The 90-day time limit is treated "like a statute of limitations" and is "strictly enforced."  *Weathersbee v. Balt. City Fire Dept.*, 970 F. Supp. 2d 418,

427 (D. Md. 2013) (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting *Zipes v. Trans World Airlines*, *Inc*., 455 U.S. 385, 393 (1982))).  Plaintiff filed suit 91 days later, on June 27, 2023.  *See generally* Compl.  Accordingly, Defendant asserts that the suit was not timely filed.  Plaintiff argues that the 90-day limit refers to business days, not calendar days. However, the Court agrees with Defendant that the correct interpretation of the statutory text and of the Right to Sue letter is 90 calendar days.  *See* Reply 5, ECF No. 13; 45 U.S.C.A. § 2000e-5; *see generally* Compl.; *see also Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (suit filed 91 calendar days after notice was time-barred).

Because Plaintiff filed his Complaint 91 days after he received his Right to Sue letter, his ADEA and Title VII claims are time-barred and eligible for dismissal on that ground alone. However, even if these claims were not time-barred, they would still be dismissed for failure to state a claim.

1. Plaintiff Does Not Allege Sufficient Facts to Show that Defendant Discriminated based on His Age

Count I of the Amended Complaint alleges that Plaintiff is a member of a protected class based on his age, that he suffered an adverse employment action (termination), and that the position he previously occupied was filled by a younger person.  Am. Compl. 5, 7.  However, the Court cannot identify any factual allegation to support the claim that Defendant's termination of Plaintiff's employment was in fact because of his age.  At the time of his termination as Program Director, Plaintiff was 45 years old.  *Id*.  Defendant filled the Program Director position with a 39-year-old.  *Id*.  Plaintiff bases his entire claim on the fact that his replacement was six years younger than him.  However, there is nothing in Plaintiff's recitation that supports a finding that he was terminated because of his age.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1); *see also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 170 (2009).  To state a claim of discriminatory discharge on the basis of age under the ADEA, Plaintiff must show that he (1) was protected by the ADEA; (2) suffered an adverse employment action; (3) was performing his job at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by a substantially younger worker. *Ullrich v. CEXEC, Inc*., 233 F.Supp.3d 515, 525 (E.D.Va., 2017) (citing *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993); *Dugan v. Albemarle Cty. Sch. Bd*., 293 F.3d 716, 721 (4th Cir. 2002)).  Further, as a terminated employee, Plaintiff must demonstrate that he was "qualified in the sense that he was doing his job well enough to rule out possibility that he was fired for inadequate job performance, absolute or relative."  29 U.S.C. 623(a)(1); *Ullrich*, 233 F. Supp. 3d at 525 (citing *Warch v. Ohio Cos. Ins. Co*., 435 F.3d 510, 514–15 (4th Cir. 2006)).

In his Complaint, Plaintiff established that he was 45 years old when he was terminated on August 6, 2021.  However, Plaintiff fails to establish a cognizable claim for age discrimination because he was not replaced by someone "substantially younger" than him.  Plaintiff's replacement was 39 years old at the time of hire, six years younger than Plaintiff when he was terminated. While the Fourth Circuit has not ruled directly on what age difference qualifies as "substantially younger," the Sixth Circuit has surveyed other circuits and found that "[a]ge differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of [an] age discrimination prima facie case."  *Ullrich*, 233 F. Supp. 3d at 526–27 (quoting *Grosjean v. First Energy Corp*., 349 F.3d 332, 336–38 (6th Cir. 2003) (citing published and unpublished decisions from the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and

Eleventh Circuits)).  The Sixth Circuit further found that the "overwhelming body of cases in most circuits has held that age differences of less than 10 years are not significant enough to make out the fourth part of the age discrimination prima facie case." *Id.* at 527 (quoting *Grosjean*, 349 F.3d at 338–39 (citing published and unpublished decisions from the First, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits)).  Courts in the Fourth Circuit "generally hold that a plaintiff's replacement must be at least 10 years younger to be considered 'substantially younger.'" *Armitage v. Biogen Inc.*, LCB-17-1133, 2019 WL 1789909, at *6 (M.D.N.C Apr. 24, 2019) (quoting *DeBord v. Washington Cnty. Sch. Bd.*, 340 F. Supp. 2d 710, 714–15 (W.D. Va. 2004) (collecting cases)).

Because Plaintiff's replacement here is only six years younger than him, she does not qualify as "substantially younger."  Further, Plaintiff does not allege any direct evidence of age discrimination, nor does Plaintiff offer any facts to demonstrate that he was performing his job at a level that met his employer's standards.  Plaintiff's statement that Defendant has shown a pattern of replacing employees in the PA Department with younger individuals is not supported by any facts—it is merely a conclusory statement.  For all these reasons, Plaintiff fails to state a prima facie ADEA claim.  Count I will therefore be dismissed.

2.  <u>Plaintiff Does Not Allege Facts to Show that Defendant Discriminated based on His Sex</u>

Plaintiff alleges that he is a member of a protected class based on his sex, that he suffered an adverse employment action (termination), and that the position he previously occupied was filled by a person of the opposite sex.  Am. Compl. 5, 7.  However, nowhere in the Complaint, Amended Complaint, or proposed supplemental pleadings can the Court identify any allegation—factual or otherwise—that suggests Defendant's termination of Plaintiff was in fact based on his sex.

Title VII makes it unlawful for an employer to "discharge any individual or otherwise to discriminate against any individual because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Plaintiff must plausibly allege that Defendant took an adverse action against him because of his sex.  *Boney v. Tr. of Cape Fear Cmty. Coll.*, 366 F. Supp. 3d 756, 764–65 (E.D.N.C. 2019) (citing *McCleary-Evans v. Md. Dep't. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).  However, empty allegations of a causal connection between an employee's sex and an employer's alleged discrimination are insufficient to state a plausible sex discrimination claim under Title VII.   *Id*. at 765 (citing *Mcleary-Evans*, 780 F.3d at 585–86).  Rather, an employee must plausibly allege that the motive to discriminate was at least one of the employer's motives.  *Id*. (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016)).

Plaintiff rests his claim solely on the allegation that Defendant hired a woman as his replacement. And while Plaintiff contends that Ms. Drumgold has less experience and fewer qualifications than he, Plaintiff does not allege any facts that suggest that his actual termination was motivated by sex discrimination.  The facts alleged in the Complaint do not indicate that Defendant terminated Plaintiff due to sex; Plaintiff's allegations that that Ms. Drumgold taunted him about taking his job are not themselves indicative of *Defendant's* motivations.  Plaintiff's assertion that sex discrimination occurred because his replacement was a woman is merely a "formulaic recitation" of the necessary elements and is no more than conclusory.  *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).  Plaintiff has thus failed to state a cognizable claim for sex discrimination under Title VII, and Count II will be dismissed.

**B. Plaintiff Does Not Allege Facts to Support His FLSA Retaliation Claim.**

Plaintiff asserts that he reported a $15,750 equipment theft to Defendant and identified fraudulent practices related to attaining ARC-PA accreditations in several conversations with Defendant. As a result, Plaintiff claims, Defendant unlawfully retaliated against him, in violation of the FLSA.

The retaliation provision of the FLSA renders it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or institute or caused to be instituted any proceeding *under or related to this chapter*." 29 U.S.C. § 215(a)(3) (emphasis added). A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). Defendant contends that Plaintiff failed to allege sufficient facts to show that he engaged in protected activity, thus failing to satisfy the first prong.

While intracompany complaints may constitute "fil[ing] any complaint" under § 215(a)(3), it does not mean that every instance of an employee "letting off steam" to his employer constitutes protected activity. *Minor v. Bostwick Lab., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012) (citing *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 13–14 (2011)). "[T]he statute requires fair notice" to employers. *Id*. "To protect employers from unnecessary uncertainty, some degree of formality is required for an employee complaint to constitute protected activity, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand that matter as part of its business concerns." *Id*. (internal quotations omitted). The proper test, as articulated in *Kasten*, is whether Plaintiff's complaint to his employer was "sufficiently clear and detailed for a reasonable employer to understand it, in light of both

content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 563 U.S. at 14.

Plaintiff's report of the equipment theft, sometime around January 21, 2021, to his leadership, MMC security, and the MMC legal department could not reasonably be interpreted as putting Defendant on notice of a violation of the FLSA.  Plaintiff did not mention the FLSA or other rights he may be entitled to in this report.  The only assertion related to any violation of law is the felonious theft that Plaintiff reported to Defendant.  Under *Minor*, whether a complaint constitutes protected activity is determined from the objective perspective of the employer.  669 F.3d at 443. No reasonable employer would construe Plaintiff's report of equipment theft as protected activity under the FLSA.  *Cf. Romero v. Granite Ctr., LLC*, No 1:16-cv-01039, 2017 WL 2742971, *3 (E.D. Va. June 19, 2017) (finding that although employee complained several times, the employee never stated that a specific statute was violated by the employer's action, and therefore the complaints did not constitute protected activity); *Jenkins v. Mid–Atlantic Detailing*, 3:16-cv-00188, 2016 WL 6775694, *6 (E.D. Va. Nov. 14, 2016) (finding that there was no way for the employer to understand the employee's complaint was protected activity because there was no violation of any statute included in her complaint, and her complaint therefore did not "assert a right protected by any statute" (quoting *Kasten*, 563 U.S. at 14)).

Plaintiff further asserts that he had several conversations with Defendant about fraudulent practices regarding Defendant's attempts to attain ARC-PA accreditation.  Plaintiff states that he identified and reported "pervasive fraudulent practices" in emails to the Defendant in May 2021, June 2021, and July 2021.  However, Plaintiff again fails to tie such reports to FLSA or other statutory protections in these conversations or emails, and thus these conversations could not reasonably be interpreted as putting Defendant on notice.

13

Plaintiff has failed to plead sufficient facts to show that he engaged in protected activity through these reports.  Further, Plaintiff's assertion that these reports are causally linked to his termination is conclusory and merely a "formulaic recitation" of the elements of the claim.  *Iqbal*, 556 U.S. at 678–79. Plaintiff has thus failed to state a cognizable claim for retaliation under the FLSA.  Count III will therefore be dismissed.

## C.  Plaintiff Fails to State an OSHA Retaliation Claim.

Plaintiff further alleges that he was terminated in retaliation, in violation of OSHA.  OSHA provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint . . . *under or related to this chapter* . . . or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."  29 U.S.C. § 660(c)(1) (emphasis added).  Before instituting an OSHA suit in federal court, a plaintiff must file a complaint with the Department of Labor.  *Carter v. GardaWorld Sec. Serv.*, 2021 WL 2018636, at *5 (D. Md. 2021).  Further, an administrative complaint must be filed within thirty days of the alleged OSHA violation.  29 U.S.C. § 660(c)(2).  Plaintiff never filed a complaint with the Department of Labor regarding his purported OSHA claim.  Rather, he added the claim as part of the Amended Complaint "[d]ue to a new understanding of his complaint, now as a 'Whistleblower,' while the [P]laintiff further pondered the merits of his case."  Am. Compl. 5.  Plaintiff has failed to meet the prerequisite to filing an OSHA claim.

Even if Plaintiff followed the proper procedures for filing an OSHA claim, Plaintiff's claim still fails because there is no private right of action for retaliation under OSHA.  *Scarborough v. Aegis Commc'ns Grp., Inc*., 217 F.3d 840 (4th Cir. 2000) (per curiam); *Donnert v. Feld Entm't, Inc.,* 2013 WL 12095655 (E.D. Va. 2013); *see also Johnson v. Interstate Mgmt. Co., LLC*, 849 F.3d 1093, 1097 (D.C. Cir. 2017) (holding that, "[a]lthough Section 11(c) affords the Secretary of Labor a cause of action," it creates neither an express nor implied private action for retaliation

claims).  "Section 660(c)(2) explicitly provides that if an employee believes he has been retaliated against in violation of § 660(c)(1), he is to report the retaliation to the Secretary."  *Donnert*, 2013 WL 12095655, at *6.  "It is the Secretary who then conducts an investigation and[,] if he finds a violation, brings a court action."  *Id*.  Other district courts in the Fourth Circuit have also held that OSHA does not provide plaintiffs with a private right of action.  *See, e.g., Hinton v. New Hope Hous., Inc*., 1:11-CV-906 JCC/TCB, 2011 WL 5196508 (E.D. Va. Oct. 31, 2011); *Carter*, 2021 WL 2018636, at *5; *Walker v. Universal Health Serv.'s*, 2022 WL 3908802, at *1 (D.S.C. July 11, 2022).  For these reasons, Count IV will be dismissed.

**D.  Counts V-VII: Plaintiff Fails to State a Claim Under Virginia Law.**

    1. Plaintiff Fails to State a Claim Under Va. Code Ann. § 40.1-33.2.

Virginia Code Annotated § 40.1-33.2 states that "[a]n employer shall not discharge or in any manner discriminate against an employee because such employee has instituted or caused to be instituted any proceeding under Section 40.1-29, or has testified or is about to testify in any such proceeding."  VA. CODE ANN. § 40.1-33.2.  Plaintiff does not allege that he has instituted any proceeding under Section 40.1-29, which addresses unlawfully withheld wages, nor does he allege that he has testified or is about to testify in any such proceeding.  As such, Plaintiff has not stated a claim under Virginia Code § 40.1-33.2.  This claim will therefore be dismissed.

    2. Plaintiff Fails to State a Claim Under Va. Code Ann. § 40.1-51.1.

Section 40.1-51.1 of the Virginia Code is part of the Virginia Occupational Safety and Health Plan ("OSH Plan") and addresses the duties of employers with regard to their compliance with health and safety rules and regulations.  Plaintiff asserts that Defendant had a legal duty to follow § 40.1-51.1. However, Plaintiff offers no facts to suggest that Defendant violated any duties under § 40.1-51.1.  Instead, and more in line with the rest of Plaintiff's Amended Complaint, the Court construes Plaintiff to attempt to assert a claim against Defendant under § 40.1-51.2:2, which

provides the right of action to any "employee who believes that he has been discharged or otherwise discriminated against by any person in violation of § 40.1-51.2:1." VA. CODE ANN. § 40.1-51.2:2.   Section 40.151.2:1 provides that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others." VA. CODE ANN. § 40.1-51.2:1.

Plaintiff does not allege that he has filed a safety or health complaint, nor that he has testified or otherwise acted to exercise his rights under the Virginia OSH Plan.  There is nothing in the Complaint that suggests that Plaintiff has acted to exercise his rights under this statute, until the filing of his Amended Complaint on July 7, 2023.  Even if Plaintiff had alleged that he filed such a health and safety complaint, § 40.1-51.2:2 provides that an employee is prohibited from seeking relief under this section if he fails to file a complaint with the Commissioner of the Virginia Department of Labor and Industry within sixty days after the violation occurs.  VA. CODE ANN. § 40.1-51.2:2.  Plaintiff does not allege that he filed a complaint with the Commissioner within sixty days, and the sixty-day period has since passed. This claim is thus time-barred and will be dismissed.

3. Plaintiff Fails to State a Claim Under Va. Code Ann. § 2.2-3011.

Plaintiff also cites Virginia Code § 2.2-3011, which is part of the Virginia Fraud and Whistle Blower Protection Act ("Whistleblower Act").  VA. CODE ANN. §§ 2.2-3009, *et seq*. Section 2.2-3011 recites, "[n]o employer may discharge, threaten, or otherwise discriminate or retaliate against a whistle blower whether acting on his own or through a person acting on his behalf or under his direction." VA. CODE ANN. § 2.2-3011.  However, the Virginia Whistleblower Act defines an employer as "an agent of [a] governmental agency" and employee as "any person who is regularly employed . . . by a governmental agency." VA. CODE ANN. § 2.2-3010.  Plaintiff

does not allege that he was employed by a governmental agency, nor that Defendant is an agent of a governmental agency, and Plaintiff will never be able to do so because he was a private employee of a private employer in Tennessee.  Am. Compl. at 5.  Therefore, Plaintiff cannot assert a cause of action under this statute, and the claim will be dismissed.

## VII.  PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT

While the Motion to Dismiss was pending, Plaintiff filed his Second Motion to Amend, ECF No. 24, and Memorandum in Support thereof, ECF No. 25.  Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." The Fourth Circuit has construed this to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).  "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).

The only change proposed in Plaintiff's Proposed Second Amended Complaint, ECF No. 24-1, is the addition of a claim under Virginia Code § 40.1-27.3; however, Plaintiff does not add any facts to those already alleged in his previously filed complaints.  Section 40.1-27.3 provides, in relevant part, that an employer shall not discharge an employee or take other retaliatory action because the employee "in good faith reports a violation of any federal or state law or regulation to a supervisor." VA. CODE ANN. § 40.1-27.3(a).  Virginia Code § 40.1-27.3(c) further requires any person who alleges a violation under this section to bring an action "within one year of the employer's prohibited retaliatory action."  Plaintiff was terminated on August 6, 2021, and Plaintiff filed his original Complaint on June 27, 2023, nearly two years after the alleged retaliatory

action.  And Plaintiff did not raise this new claim under Section 40.1-27.3 until October 31, 2023.

Because of Plaintiff's delay, the new claim he raises in his Second Amended Complaint is

effectively time-barred and would not survive a motion to dismiss.  Accordingly, granting

Plaintiff's Second Amended Complaint would be futile, and the Second Motion to Amend will

therefore be denied.

## VIII.  DISMISSAL WITH PREJUDICE

Whether to dismiss an action with or without prejudice is within the sound discretion of

the district court.  *See Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).

"Where amendment is futile, courts have exercised their discretion to deny leave to amend and

dismiss with prejudice."  *Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013).  In this

case, it is apparent from the detailed nature of Plaintiff's Complaint, Amended Complaint, and

proposed supplemental pleadings and the arguments presented in his various oppositions to the

Motion to Dismiss that he has alleged all relevant facts and occurrences, and that, had there been

instances of age- or gender-motivated discrimination or other viable bases for a claim, Plaintiff

would certainly have included those.  Instead, Plaintiff presents no facts on the topic of age or

gender, except where Plaintiff formulaically recites the elements of his claims.  Plaintiff has

effectively had three opportunities to voice his complaints of discrimination and retaliation: first,

to the Equal Employment Opportunity Commission; second, to the Court; and third, in his

Amended Complaint.  Given this history, the Court finds that further amendment would be futile,

as Plaintiff cannot plausibly conjure additional facts that would somehow transform Defendant's

actions into non-time-barred violations of the ADEA or Title VII.  The same is true for Plaintiff's

FLSA claim as to Count III.

Further, because OSHA does not provide a private right of action, and because Plaintiff

has missed the thirty-day period to file an OSHA complaint with the Department of Labor,

amendment would be futile with respect to Plaintiff's OSHA claim.  Finally, the claims asserted under the Virginia Code in Counts V-VII will be dismissed with prejudice because (1) the breadth of Plaintiff's existing allegations strongly suggests that, had there been facts relevant to a withheld-wages (§ 40.1-33.2) claim, he would have included those already; (2) his claim under § 40.1-51.1 is effectively time-barred; and (3) § 40.1-33.2 does not apply because Plaintiff was not an employee of a governmental agency.  VA. CODE ANN. §§ 40.1-33.2, 40.1-51.1, 2.2-3011. Accordingly, amendment as to these claims also appears to be futile.

### IX. CONCLUSION

For the reasons set forth above, Plaintiff has failed to state any claim under the ADEA, Title VII, FLSA, OSHA, or the Virginia Code, and Defendant's Motion to Dismiss will therefore be granted.  Additionally, Defendant's Motion to Disregard will be granted, Plaintiff's Rule 7(K) Motions, Motion to Supplement, and Second Motion to Amend will be denied, and this civil action will be dismissed with prejudice.

An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  January 2, 2024